**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs) No. 12-1310 (Wayne County 11-F-807)

Stacy Creed Hatten,
Defendant Below, Petitioner

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Stacy Creed Hatten, by counsel J. Anthony Spenia, appeals from the Circuit Court of Wayne County's order entered on September 29, 2012, wherein he was sentenced to a term of incarceration of one to fifteen years following his conviction for two counts of delivery of a controlled substance. The State of West Virginia, by counsel Andrew Mendelson, filed a summary response. On appeal, petitioner alleges that there was insufficient evidence to suport his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 8, 2011, and March 15, 2011, a confidential informant entered petitioner's home in order to purchase oxycodone from petitioner. In July of 2011, the petitioner was indicted on two counts of delivery of a Schedule II narcotic substance, in violation of West Virginia Code § 60A-4-401(a) for the March of 2011, incidents. In September of 2011, the circuit court held a jury trial where petitioner, the confidential informant, two Wayne County Sheriff's Office officers and two West Virginia State Police Forensic Laboratory employees offered testimony. The police officers testified that the confidential informant was thoroughly searched before entering the home on both dates, entered the home, and returned with one pill of oxycodone exchanged for money the sheriff's office provided. Petitioner testified that he did not sell the confidential informant the pills and on cross-examination admitted that neither he nor his wife had prescriptions for the pills. Petitioner confirmed that the confidential informant was in his home on March 8 and 15, 2011, for fifteen and less than ten minutes, respectively. The confidential informant testified that when he entered the home on the first occasion, petitioner's wife took a bottle of pills out of her purse, handed the pills to the petitioner, and petitioner handed one pill to the confidential informant who handed money to petitioner's wife. The confidential informant testified that on the second occasion, the confidential informant laid the money on the arm of

1

petitioner's couch after petitioner's wife handed him a pill, and he saw petitioner pick up the money from the couch. The jury found petitioner guilty of two counts of delivery of a Schedule II narcotic substance. On October 26, 2011, the circuit court sentenced petitioner to two sentences of one to fifteen years of incarceration, to be served concurrently. On September 29, 2012, the circuit court resentenced petitioner for the purposes of appeal.

On appeal, petitioner alleges the State failed to prove its case beyond a reasonable doubt. Petitioner alleges that his wife maintained control of the pills and that there was no video evidence to support the charges of petitioner's delivery of the controlled substance.

This Court has held that:

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt.[] Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *State v. Stone,* 229 W.Va. 271, 728 S.E.2d 155 (2012). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction. The evidence established that the confidential informant twice entered petitioner's home with no controlled substances on his person and left a few minutes later with a pill of oxycodone and that the only adults in the home were petitioner and his wife. Further, the evidence establishes that petitioner handed the confidential informant a pill on March 8, 2011, and took the money on March 15, 2011. As such, the Court finds that the jury had sufficient evidence upon which to find petitioner guilty of delivery of a controlled substance.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II